DIANA M. RUTOWSKI (SBN 233878)
drutowski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

Attorney for Plaintiff
Infmetry LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFMETRY LLC, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT, UNFAIR COMPETITION, TRADE LIBEL, INTERFERENCE WITH ECONOMIC ADVANTAGE, AND UNFAIR BUSINESS PRACTICES** |
| v. | |
| MESSAGE IN A BOTTLE, INC., | |
| Defendant. | **JURY TRIAL DEMAND** |

Plaintiff Infmetry LLC ("Infmetry" or "Plaintiff") brings this action for declaratory judgment against Defendant Message In A Bottle, Inc. ("MIAB" or "Defendant"), unfair competition, trade libel, interference with economic advantage, and unfair business practices, as well as damages and injunctive relief for these and related claims:

<u>**NATURE OF ACTION AND RELIEF SOUGHT**</u>

1.      Infmetry brings this action seeking: (1) to affirm its right to continue using the descriptive or generic phrase "message in a bottle" to describe products that are "message in a bottle"; (2) to enjoin Defendant from improperly interfering with Infmetry's business by disingenuously claiming to own exclusive rights in this descriptive or generic phrase, to an extent that far exceeds any ostensible trademark rights that Defendant can plausibly claim; and (3) damages for Defendant's unlawful conduct.

2.      Infmetry sells, among other products, "CAPSULE LETTERS" kits comprised of small pieces of paper on which messages can be written, small colorful water-soluble capsules within which the paper messages can be rolled up and stowed, and corkable glass bottles within which the prepared messages/capsules can be stored and displayed until it is time for the messages to be taken out and revealed.  These CAPSULE LETTERS kits are marketed under Plaintiff's federally registered INFMETRY and CAPSULE LETTERS trademarks.  Plaintiff sometimes describes these CAPSULE LETTERS kits, on its own website and in its Amazon.com store listings, as "message in a bottle."

3.      Defendant sells customizable text and graphic images printed on pieces of paper enclosed in glass containers, *i.e.*, literally, messages in a bottle.  Due to its inability to obtain a federal trademark registration for "message in a bottle" in connection with its literal messages in a bottle, Defendant instead registered the phrase in connection with a narrow scope of communications-related services.

4.      Defendant is now improperly wielding its narrow trademark registration in an effort to bully other parties, and Plaintiff in particular, to forcibly stop them from using the descriptive phrase "message in a bottle" to describe their products to consumers.  For example, Defendant submitted trademark infringement complaints to Amazon.com, resulting in the

1    removal of at least five listings of CAPSULE LETTERS kits and unfairly interfering with

2    Plaintiff's business.

3          5.     In reality, however, Defendant is the one that should be stopped – stopped from its

4    overreaching, misrepresentations, and unfair tactics – and Infmetry should not be impeded from

5    using a plainly descriptive phrase for plainly descriptive purposes.

6                                    **THE PARTIES**

7          6.     Plaintiff Infmetry LLC is a limited liability company organized and existing under

8    the laws of the State of Delaware with its registered office at 501 Silverside Road, Suite 105,

9    Wilmington, Delaware 19809.

10         7.     On information and belief, Defendant Message in a Bottle, Inc. is a California

11   corporation having its registered office and principal place of business at 432 Bitritto Way, Suite

12   5, Modesto, California 95356.  MIAB conducts substantial business in this district.

13                             **JURISDICTION AND VENUE**

14         8.     This is an action for declaratory relief arising under the Lanham Act, codified at

15   U.S.C. § 1051 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This

16   Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338

17   because an actual controversy exists between the parties.

18         9.     This Court has personal jurisdiction over Defendant because it is incorporated in

19   California, maintains its principal place of business in this district, conducts business in this

20   district, maintains offices in this district, and employs individuals in this district.  MIAB's

21   continuous corporate operations within California are sufficiently purposeful and substantial to

22   justify suit against it on any cause of action in this State.  Further, MIAB has sufficient minimum

23   contacts with the State of California and this suit arises out of or relates to those contacts.  MIAB

24   has purposely availed itself of the benefits and protections of California law, including by

25   registering to do business in California, and doing business in California, such that the exercise of

26   jurisdiction over MIAB would comport with due process requirements.

27         10.    Venue is proper in the Eastern District of California pursuant to 28 U.S.C.

28   § 1391(b)(2) because a substantial portion of the events giving rise to Infmetry's claims occurred

COMPLAINT FOR DECLARATORY JUDGMENT,
UNFAIR COMPETITION, AND RELATED CLAIMS

in this district, and pursuant to 28 U.S.C. § 1391(b)(1) and 1391(d) because MIAB resides in this district.

### FACTUAL ALLEGATIONS

#### A.    Infmetry's Business and Brand.

11.    Plaintiff is an e-commerce retail company that established its infmetry.com ecommerce website in 2009.  The name of Plaintiff, "Infmetry," is in reference to information symmetry, which is when both parties have all relevant information.  Following this philosophy, Infmetry is committed to creating a creative world where people can stimulate their imaginations and fuel their innovation core.  Infmetry is focused on the creation, manufacture, and marketing of various jewelry products, toys, electronics, and other consumer products.  Infmetry's products include the aforementioned CAPSULE LETTERS kits, which it markets under prominent display Infmetry's internationally recognizable and federally registered trademarks, CAPSULE LETTERS and "INFMETRY".  Infmetry owns U.S. Trademark Registration Nos. 6,353,289; 6,431,980; and 6,353,296 for the mark "INFMETRY" respectively in Classes 16, 21, and 25. Infmetry also owns U.S. Trademark Registration No. 6,146,776 and U.S. Trademark Application Serial No. 97/222,732 for the mark CAPSULE LETTERS respectively in Classes 16 and 21.

12.    Infmetry has heavily invested substantial resources, time, money, and commercial efforts in order to establish and protect the goodwill of Infmetry's products and its brands.  The success of Infmetry's business is due to these extensive efforts.  As a result of the quality of Infmetry's products and its promotional efforts for its products and designs, members of the public have become familiar with Infmetry's products and brands and associate them exclusively with Infmetry.

13.    Infmetry uses the descriptive phrase "message in a bottle" in connection with its CAPSULE LETTERS kits only along with its internationally recognizable and federally registered trademarks CAPSULE LETTERS and "INFMETRY."  The marks CAPSULE LETTERS and "INFMETRY" appear clearly and prominently on all listings and related advertisements for CAPSULE LETTERS kits.  Infmetry has been using the descriptive phrase "message in a bottle" in connection with its CAPSULE LETTERS kits since 2015.  Infmetry's

COMPLAINT FOR DECLARATORY JUDGMENT, UNFAIR COMPETITION, AND RELATED CLAIMS

1  CAPSULE LETTERS kits have been promoted and sold at Infmetry's website, infmetry.com, and

2  on its Amazon.com store.  The listings on both the website and the Amazon.com store feature

3  proprietary content, images, and designs exclusive to the CAPSULE LETTERS kits as shown by

4  the examples below:

5  **infmetry.com**



16  **Infmetry's Amazon.com Listing**

27  14.  Infmetry's CAPSULE LETTERS kits are driven by Infmetry's elevated quality

28  standards and innovative designs and are prominently marketed under the INFMETRY and

COMPLAINT FOR DECLARATORY JUDGMENT,
UNFAIR COMPETITION, AND RELATED CLAIMS

1    CAPSULE LETTERS registered marks.

2    **B.**    **MIAB's Business and Mark.**

3    15.    On information and belief, Defendant MIAB was established on or about July 7,

4    2003, in Modesto, California under the corporation name of "Gold Shells, Inc." On or about July

5    19, 2007, MIAB changed the name of corporation to "Message In A Bottle, Inc." The company

6    is operated by Roger Rojas as Chief Executive Office and his wife Adriana Rojas as Secretary

7    and Chief Financial Officer.

8    16.    On information and belief, Defendant operates a website, messageinabottle.com,

9    which promotes itself as providing internet users with "a personalized gift service." MIAB

10    described itself as a corporation that "has revolutionized the simple gesture of sending a message

11    and elevated it into a memorable gift giving event that's sure to provide treasured memories that

12    will last a lifetime." *See* https://www.messageinabottle.com. The customized gift is, quite

13    literally, a "message in a bottle". *See, e.g.,* https://www.messageinabottle.com/product/promise-

14    gifts-for-him-or-her/; https://www.amazon.com/Message-Bottle-LEGEND-Personalized-

15    Gift/dp/B009V153NS?ref_=ast_slp_dp. The price of Defendant's service is from $29.99 USD to

16    $59.99 USD at MIAB's official website messageinabottle.com and Amazon.com store.

17    **Defendant's Website**



COMPLAINT FOR DECLARATORY JUDGMENT,
UNFAIR COMPETITION, AND RELATED CLAIMS



**Defendant's Amazon.com Listing**



C.   **MIAB's Lack of Rights In "Message in a Bottle" for a "Message in a Bottle."**

17.   A "message in a bottle" is exactly what it sounds like – a form of communication in which a message is sealed in a container (typically a bottle) and released into a conveyance

COMPLAINT FOR DECLARATORY JUDGMENT,
UNFAIR COMPETITION, AND RELATED CLAIMS

medium.  *See* https://en.wikipedia.org/wiki/Message_in_a_bottle.  The phrase "message in a bottle" has been used by numerous third parties on the internet, including the Amazon.com platform, to describe products that are messages in a bottle.  *See* examples of third parties' uses of "message in a bottle" attached as **Exhibit A**.

18.     Companies who have sought to register "MESSAGE IN A BOTTLE" in connection with a product that is a message in a bottle have failed.  For example, at least two third-party applications filed before 1997 for the mark "MESSAGE IN A BOTTLE" in connection with such products were rejected by USPTO, including U.S. Trademark Application Serial No. 73/342,921 for "small plastic bottles with identity labels cork, and scroll inside the bottle" in Class 21, U.S. Trademark Application Serial No. 73/608,380 for "greeting cards" in Class 16, and U.S. Trademark Application Serial No. 74/480,875 for "occasion cards packaged in transparent bottles suitable for mailing" in Class 16.

19.     Following this trend, Defendant's founder's attempt to seek exclusive rights in "MESSAGE IN A BOTTLE" for a message in a bottle was also rejected by USPTO "because the proposed mark merely describes the goods," which were identified as "text and graphic images printed on paper and enclosed in a glass container."  See U.S. Trademark Application Serial No.76/556,304.   Specifically, the USPTO found that "the applicant's MESSAGE IN A BOTTLE immediately tells something about the goods – a message in the form of 'text or graphic images printed on paper,' enclosed in a container, presumably a 'bottle' (per the applicant's identification of goods).  No imagination, thought or perception is required to determine the nature of the goods from the terminology."

20.     What MIAB was successful at registering was not a mark that covers its products, i.e., its messages in bottles, but rather a service mark.  On or about January 6, 1997, MIAB's founder, Roger Rojas, filed the U.S. Trademark Application Serial No. 75/226,521 for registration of the service mark "MESSAGE IN A BOTTLE" for "written communication services, namely the telephonic, electronic, or mail receiving of text, the recording of text utilizing print media, and arrangements for delivery of the recorded text to others" in Class 38 with the USPTO.  In response to an Office Action, the recitation of services was amended to

1   "receiving communications from others, recording such communications in written or printed

2   form, and transmitting such communications to others," in Int. Class 38, and the applicant

3   disclaimed the descriptive wording "MESSAGE" apart from the mark as shown, because the

4   examiner found that the wording merely describes a feature of Defendant's service which consists

5   of recording, storing and transmitting messages in text form.  The mark registered as U.S.

6   Trademark Registration No. 2,243,269, and on or about October 15, 2004, Roger Rojas assigned

7   the '269 Registration to Gold Shells, Inc.  On or about January 30, 2008, Gold Shells, Inc.

8   assigned the '269 Registration to Message In A Bottle, Inc. as a change of name.

9          21.     Apart from the '269 Registration as a service mark, Defendant does not own any

10  other trademark registrations for the term "MESSAGE IN A BOTTLE."  Defendant has no

11  trademark registration nor does it own common law trademark rights in the descriptive phrase

12  "MESSAGE IN A BOTTLE" as used with in connection with a product that is a message in a

13  bottle.

14                 **D.     MIAB's Amazon.com Trademark Infringement Complaint.**

15         22.     Despite having been refused registration for the trademark on the products itself

16  and in an apparent attempt to circumvent the USPTO's descriptiveness finding, MIAB has

17  improperly asserted its service mark in a complaint to Amazon that resulted in the removal of

18  Infmetry's "message in a bottle" products from Amazon.com.  Specifically, on July 13, 2022,

19  MIAB submitted a trademark infringement complaint against Infmetry to Amazon.com based on

20  the '269 Registration, which resulted in the suspension of five ASIN listings of the CAPSULE

21  LETTERS kits on Infmetry's Amazon.com store, causing harm to Infmetry and its business.  *See*

22  the Amazon.com Email Notice dated on July 22, 2022, attached as **Exhibit B**.

23         23.     Lacking exclusive rights to the phrase "MESSAGE IN A BOTTLE" for products

24  that are messages in a bottle, MIAB improperly used its service mark registration for "written

25  communication services" in Class 38 to achieve the Amazon.com takedown.  Infmetry does not

26  offer any such services and its products are clearly and prominently marked with its federally

27  registered trademarks CAPSULE LETTERS and "INFMETRY."  Thus, there is no potential for

28  confusion and no infringement of any potential rights held by MIAB in "message in a bottle."

COMPLAINT FOR DECLARATORY JUDGMENT,
UNFAIR COMPETITION, AND RELATED CLAIMS

24.     Accordingly, Infmetry files this declaratory judgement action to vindicate its right to continue its use the phrase "message in a bottle", which it has been using since 2015 without confusion.

## COUNT I

**(Declaratory Judgment of No Likelihood of Confusion, Trademark Infringement, or Unfair Competition)**

25.     Infmetry incorporates by reference each and every allegation contained in the preceding paragraphs.

26.     Likelihood of confusion is an essential element of claims brought pursuant to 15 U.S.C. §§ 1114(1) and 1125(a), which Defendant must establish in order to succeed on a claim brought pursuant to those sections or under analogous state law.

27.     Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Infmetry that it will face suit for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1) and/or for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) or the common law of unfair competition if Infmetry continues its activities, including its advertising, promotion, and sales of its CAPSULE LETTERS kits with the use of the phrase "message in a bottle." Defendant has claimed that Infmetry's use of the phrase "message in a bottle" as alleged herein is likely to cause confusion with respect to the '269 Registration owned by MIAB.

28.     The phrase "message in a bottle" is not distinctive. It is generic or at best merely descriptive in that it describes goods that are messages in bottles. If descriptive, it has not acquired distinctiveness (secondary meaning). Giving Defendant the right to exclude others from using the phrase "message in a bottle" in connection with products that are literally messages in a bottle would put competitors, including Infmetry, at a significant non-reputation-related disadvantage and result an impermissible monopoly and unfair competitive advantage to that company.

29.     Infmetry has used the phrase "message in a bottle" fairly and in good faith only as a description of a feature of its CAPSULE LETTERS kits to make consumers clearly understand

COMPLAINT FOR DECLARATORY JUDGMENT, UNFAIR COMPETITION, AND RELATED CLAIMS

the nature of the CAPSULE LETTERS kits.  On the packaging and online product listings of the CAPSULE LETTERS kits, Infmetry's marks "INFMETRY" and CAPSULE LETTERS are more prominently displayed to show its brand and source.

30.    Infmetry denies that its use of the phrase "message in a bottle" is likely to mislead or cause confusion with respect to MIAB's alleged '269 Registration among relevant consumers as to source or origin, or otherwise suggest that the two companies or their products or services are associated, affiliated, or connecter with one another.  Infmetry's use of the phrase "message in a bottle" is not in violation of any rights Defendant may have in its alleged '269 Registration or common law rights.

31.    Infmetry denies that its use of the phrase "message in a bottle" creates any unfair competition with respect to the alleged '269 Registration or common law rights.  Infmetry's use of the phrase "message in a bottle" is not infringing, does not cause unfair competition, confusion, or deceive customers as to source or origin and is not in violation of any rights MIAB may have under California, or Common Law Unfair Competition.

32.    Infmetry further denies that use of the phrase "message in a bottle" is causing MIAB harm in the United States.

33.    MIAB is *not* entitled to injunctive relief or to any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. §1117 (including but not limited to profits, damages, costs, or attorney's fees) for trademark infringement based on Infmetry's use of the phrase "message in a bottle" in connection with advertising, promotion, and sales of its CAPSULE LETTERS kits in the United States.

34.    Consequently, there is an actual and substantial controversy between Infmetry and MIAB regarding Infmetry's rights to use the phrase "message in a bottle."  In order to resolve the legal and factual issues raised by MIAB and to afford relief from the controversy which MIAB's assertions have precipitated, Infmetry is entitled to a declaratory judgment confirming their rights pursuant to 28 U.S.C. § 2201.

///

**COUNT II**

**(Unfair Competition; Lanham Act § 43(a))**

35.     Infmetry incorporates by reference each and every allegation contained in the preceding paragraphs.

36.     MIAB has engaged in unfair competition under 15 U.S.C. § 1125(a)(1)(B) by misrepresenting to Amazon.com that its trademark registration entitles MIAB to exclusive rights to use the descriptive phrase "message in a bottle" in connection with products that literally comprise messages in a bottle, and by demanding that Amazon.com remove Infmetry's listings.

37.     On information and belief, Defendant's misrepresentations to Amazon.com were made with knowledge that its registration covers only "receiving communications from others, recording such communications in written or printed form, and transmitting such communications to others," and is not enforceable against descriptive uses of the phrase "message in a bottle" in connection with products that literally comprise messages in a bottle.

38.     On information and belief, Defendant's misrepresentations to Amazon.com were made in bad faith in order to injure Infmetry or prevent it from selling competing products.

39.     Defendant's unlawful activities caused Amazon.com to remove Infmetry's listings for its CAPSULE LETTERS kits, resulting in the loss of goodwill and sales and causing Infmetry irreparable harm.

40.     As a direct result of Defendant's above-described actions, Infmetry has suffered and will continue to suffer damages in an amount to be determined at trial.

**COUNT III**

**(Trade Libel)**

41.     Infmetry incorporates by reference each and every allegation contained in the preceding paragraphs.

42.     Defendant has falsely published to Amazon.com that Infmetry's listings for its CAPSULE LETTERS kits infringed MIAB's trademark registration.

43.     Defendant's false representations to Amazon.com were made willfully and with malice, knowing that Infmetry's use of the descriptive phrase "message in a bottle," to identify

COMPLAINT FOR DECLARATORY JUDGMENT,
UNFAIR COMPETITION, AND RELATED CLAIMS

products comprising literal messages in a bottle, did not and could not infringe Defendant's

alleged trademark rights.

44.     Defendant's wrongful conduct was the direct and proximate cause of Amazon.com

removing Infmetry's listings for its CAPSULE LETTERS kits, causing Infmetry lost sales and

damage to its reputation.

45.     As a direct and proximate cause of Defendant's above-described actions, Infmetry

has suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNT IV

### (Interference with Economic Advantage)

46.     Infmetry incorporates by reference each and every allegation contained in the

preceding paragraphs.

47.     Defendant has interfered with Infmetry's economic relationship with Amazon.com

by misrepresenting to Amazon.com that Infmetry's listings for its CAPSULE LETTERS kits

infringed MIAB's trademark registration.

48.     Defendant's misrepresentations to Amazon.com were made in bad faith and with

malice, knowing that Infmetry's use of the descriptive phrase "message in a bottle" did not and

could not infringe MIAB's trademark rights.

49.     Defendant's wrongful conduct was the direct and proximate cause of Amazon.com

removing Infmetry's listings for its CAPSULE LETTERS kits, causing Infmetry lost sales and

damage to its reputation.

50.     Defendant's misrepresentations to Amazon.com were intended to interfere with

Infmetry's relationship with Amazon.com and Amazon.com shoppers, and to remove Infmetry as

a competitor in the market for products comprising messages in bottles.

51.     As a direct and proximate cause of MIAB's above-described actions, Infmetry

suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNT V

### (Unfair Business Practices; CA Bus. and Prof. Code §§ 17200 et seq.)

52.     Infmetry incorporates by reference each and every allegation contained in the

- 12 -

1    preceding paragraphs.

2        53.    Defendant has committed unfair and deceptive acts and practices, in violation of

3    common law and the California Unfair Competition Law, Bus. and Prof. Code §§ 17200 et seq.,

4    by misrepresenting to Amazon.com that its trademark registration entitles Defendant to exclusive

5    rights to use the descriptive phrase "message in a bottle" in connection with products that literally

6    comprise messages in a bottle, and by demanding that Amazon.com remove Infmetry's listings.

7        54.    On information and belief, Defendant's misrepresentations to Amazon.com were

8    made in bad faith in order to injure Infmetry or prevent it from selling competing products.

9        55.    Defendant's deceptive and unfair trade practices caused Amazon.com to remove

10   Infmetry's listings for its CAPSULE LETTERS kits, causing Infmetry lost sales and damage to

11   its reputation.

12       56.    As a direct and proximate cause of Defendant's deceptive and unfair business

13   practices, Infmetry has suffered and will continue to suffer damages in an amount to be

14   determined at trial.

15                               **PRAYER FOR RELIEF**

16       **WHEREFORE**, Infmetry respectfully requests that the Court grant the following relief:

17   A.    Judgment in Infmetry's favor on each count;

18   B.    A declaration from the Court that Infmetry's use of the phrase "message in a

19         bottle" does not and is not likely to cause confusion as to source with Defendant's

20         '269 Registration or any alleged common law rights.

21   C.    A declaration from the Court that Infmetry's use of the phrase "message in a

22         bottle" does not violate any rights of Defendant in its '269 Registration or any

23         alleged common law rights.

24   D.    A declaration from the Court that Infmetry's use of the phrase "message in a

25         bottle" does not cause Defendant any harm.

26   E.    An injunction stating that Defendant is prohibited from claiming exclusive rights

27         to use the phrase "message in a bottle" on Amazon.com or in any other context,

28         and from taking any actions to impede on Infmetry's ability to use the phrase

COMPLAINT FOR DECLARATORY JUDGMENT,
UNFAIR COMPETITION, AND RELATED CLAIMS

1   "message in a bottle" in connection with Infmetry's CAPSULE LETTERS kits, or

2   otherwise in a descriptive manner.

3   F.   An order requiring Defendant to retract its notice of infringement to Amazon.com

4   so that Infmetry's listings for its CAPSULE LETTERS kits can be reinstated.

5   G.   Punitive damages.

6   H.   Reasonable attorneys' fees and the costs of suit.

7   I.   Such other relief as the Court deems just and proper.

8   **<u>JURY DEMAND</u>**

9   In accordance with Federal Rules of Civil Procedure 38(b), Infmetry demands a trial by

10   jury on all issues triable by a jury.

11

12   Dated: August 24, 2022                       DIANA M. RUTOWSKI
                                                   Orrick, Herrington & Sutcliffe LLP
13

14

15                                           By: _____*/s/ Diana M. Rutowski*_____
                                                    DIANA M. RUTOWSKI
16                                                  Attorney for Plaintiff
                                                    Infmetry LLC
17

18

19

20

21

22

23

24

25

26

27

28

- 14 -                       COMPLAINT FOR DECLARATORY JUDGMENT,
                             UNFAIR COMPETITION, AND RELATED CLAIMS